## UNITED STATES v. CRAIN et al.

### No. 13082.

Circuit Court of Appeals, Eighth Circuit.

Nov. 7, 1945.

Krause, Hirsch, Levin & Heilpern, of New York City (Elliot L. Krause, of New York City, of counsel), for objecting creditors-appellants.

Harold M. Geller, of New York City, for bankrupts-appellees.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The questions were undoubtedly material. The sole issue is whether the

fits for 1938 under the Soil Conservation and Domestic Allotment Act, § 1 et seq., 16 U.S.C.A. § 590a et seq., and the program carried out thereunder. This program included ascertainment by the Department of Agriculture of acreage allotments for soil depleting crops, including cotton, and payment of benefits to farmers for planting within the prescribed allotments.

It appears from the stipulated facts and the District court's findings, that early in 1938 Broughton leased a 387-acre farm from J. H. Crain. Crain is managing trustee of Lee Wilson & Company, and as such is one of the plaintiffs in this case. Broughton planted cotton within the acreage allotment for the farm for 1938, as determined by the Secretary of Agriculture. It is not denied that Broughton complied with requirements of the program.

The plaintiffs as trustees advanced to Broughton cash, supplies and services to enable him to produce a crop in 1938. At the time Broughton leased the land, and in consideration of plaintiffs' agreement to furnish the cash, supplies and services, Broughton orally agreed to execute an assignment of his 1938 soil conservation benefits to plaintiffs on a form provided by the Department of Agriculture, when that form should become available. The form became available as early as May or June, 1938, but the assignment was not executed until December 21 of that year. Prior to that date, and on December 12, 1938, General Letter No. 42 was issued by the Agricultural Adjustment Administration. This letter advised administrative officers and state committeemen of the Southern Region that no assignment of payments under the 1938 program might thereafter be accepted unless there was no prior assignment outstanding and the producer making the assignment showed definitely that it was made as security for advances used to finance planting of a crop in 1938 for harvest in 1939 or the carrying out of an approved soil building practice in 1938.

John P. Frank, Atty., Department of Justice, of Washington, D. C. (Rawlings Ragland, Acting Head, Claims Division, Department of Justice, of Washington, D. C., Sam Rorex, U. S. Atty., and Warren E. Wood, Asst. U. S. Atty., both of Little Rock, Ark., Arnold Levy, Sp. Asst. to Atty. Gen., and Robert W. Greenleaf, Atty., Department of Justice, of Washington, D. C., on the brief), for appellant.

Scott P. Crampton, of Washington, D. C. (Geo. E. H. Goodner, of Washington, D. C., and Marcus Evrard, of Blytheville, Ark., on the brief), for appellees.

Before WOODROUGH, JOHNSEN, and RIDDICK, Circuit Judges.

WOODROUGH, Circuit Judge.

This appeal by the United States presents for review a judgment against the Government for $687.57 in an action brought by plaintiffs as assignees of a claim for soil conservation benefits.

Plaintiffs are trustees of Lee Wilson & Company, a common law business trust, and their claim is founded upon an assignment to them by one R. O. Broughton of the latter's claim to soil conservation bene-

On March 11, 1942, the Agricultural Adjustment Administration paid the amount of the claim involved herein to the assignor Broughton, although at the time of the payment the Administration had knowledge of the assignment. Plaintiffs have made repeated demands on the Secretary of Agriculture, or his agents, for payment of the claim here sued on, and it is stipulated that plaintiffs have exhausted all of their administrative remedies.

In order for plaintiffs to maintain this action they must establish their right to bring suit as assignees of the claim for conservation benefits. Section 8(g) of the Soil Conservation Act, 16 U.S.C.A. § 590h(g), authorizes assignments in the following language:

"A payment which may be made to a farmer under this section, may be assigned, without discount, by him in writing as security for cash or advances to finance making a crop. Such assignment shall be signed by the farmer and witnessed by a member of the county or other local committee, or by the treasurer or the secretary of such committee, and filed with the county agent or the county committee. Such assignment shall include the statement that the assignment is not made to pay or secure any preexisting indebtedness. This provision shall not authorize any suit against or impose any liability upon the Secretary or any disbursing agent if payment to the farmer is made without regard to the existence of any such assignment."

■ The effect of Section 8(g) of the Act in general, and of the last sentence thereof in particular, is readily ascertained when construed in the light of the general policy of the government regarding assignment of claims against it. That policy is disclosed by the statute voiding assignment of such claims unless freely made, executed in presence of at least two witnesses, after allowance of claim, ascertainment of amount due and issuance of warrant for payment thereof. 31 U.S.C.A. § 203. The purpose of this statute governing assignment of claims against the government is to protect the government and prevent it from becoming embroiled in conflicting claims or subjected to multiple liability. Rosecrans v. William S. Lozier, Inc., 8 Cir., 142 F.2d 118; Martin v. National Surety Co., 300 U.S. 588, 57 S.Ct. 531, 81 L.Ed. 822.

■ It will be noted that the last sentence of Section 8(g) of the Soil Conservation Act expressly prohibits suit against the Secretary of Agriculture or any disbursing agent if payment is made to the farmer notwithstanding existence of an outstanding assignment. If that prohibition is to have any real meaning or effect it must by implication preclude a suit by an assignee against the United States under the Tucker Act, 28 U.S.C.A. § 41(20). Otherwise the United States could be subjected to a double liability which we believe Congress intended to prohibit.

■ The effect of Section 8(g) was to authorize assignments by farmers of their claims under the Act in order to finance making a crop and to vest in the administrative officers the power of determining to whom a payment should be made in a given case. There is nothing incongruous in recognizing validity of an assignment of a claim against the government as between the parties, and providing no remedy through the courts to enforce the assignment as against the government, thereby protecting the United States from double liability.

We conclude, therefore, that the plaintiffs, as assignees, have no right to bring this action. This conclusion disposes of the case and, while other questions are raised, it is unnecessary to decide them.

The judgment is reversed and the cause remanded with instruction to dismiss the complaint.